

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

**ATTORNEY GENERAL**

Honorable T. M. Trimble
First Assistant, State Supt. of Public Instruction
Austin, Texas

Dear Sir:                                  Opinion No. O-5542

                                           Re: Administration of affairs of
                                           Enlarged School Districts for
                                           Rural High School Purposes.

We reply to your inquiry of August 11,1943, which reads as follows:

"When an independent school district is enlarged by annexation
of common school districts by action of the County Board of
Trustees, as provided for in Article 2922a, R. C. S. Who is to
administer the affairs of the enlarged school district?

" Who is to control the assets of the elementary school districts
composing the rural high school district?

"Is the County Superintendent entitled to continue to hold on to
these funds, or should they be turned over to the Board of Trustees
of the Rural High School District?

"This opinion request is being submitted in view of the recent
opinion No. O-5462, which was rendered at the request of the
County Attorney of Menard County, regarding the handling of the
school property belonging to the elementary districts of the
Menardville Independent School District."

Articles 2922a and 2922c, V. A. C. S., provide for establishing rural
high school districts by the County school trustees.

Article 2922e, V. A. C. S., provides for the control and management
of rural high school districts. It reads in part as follows:

"The control and management of the schools of a rural high school
district, established under the provisions of this Act, shall be
vested in a board of seven trustees, elected by the qualified
voters of the said district at large, . . . "

Articles 2922i, 2922j and 2922k, V. A. C. S., provide as follows:

"Art. 2922i. Warrants

"All Funds of every nature to which a rural high school district may be entitled shall be paid out of warrants issued by the secretary and signed by the secretary and president of the board of trustees and approved by the county superintendent of public instruction. The board of school trustees shall select its own president and secretary, each of whom shall be a member of the board. The secretary shall keep a complete itemized account of all receipts and disbursements in a wellbound book owned and paid for by the district, and his accounts shall be approved by the county superintendent and by the county board of school trustees at the end of each scholastic year. No school funds shall be allotted or apportioned and paid to any rural high school district for the following year thereafter until this report is submitted to and approved by the county superintendent and the county board of school trustees."..

"Art. 2922j. Deposit and disbursement of funds

"All funds belonging to a rural high school district shall be deposited in the county depository and disbursed in the same manner as other funds are disbursed from such depository under the depository law in so far as same are applicable."

"Art. 2922k. Control by and of trustees

"All rural high schools within a rural high school district herein provided for shall be under the immediate control of the board of school trustees for such rural high schools, and such board of school trustees shall be under the control and supervision of the county superintendent and county board of school trustees, and shall be subject to the same provisions of law and restrictions that common school districts are now subject to, except where otherwise provided herein."

Article 2922l, V. A. C. S., which is the amended Section 12 of Chapter 59, Acts of the 39th Legislature, the original Rural High School Act, empowers the board of trustees of a rural high school district to levy and collect maintenance and bond taxes for said district, after being authorized by an election held for said purpose or purposes; and also provides:

". . . that the local taxes previously authorized by a district or districts included in a rural high school district . . . shall be continued in force until such time as a uniform tax may be provided for the benefit of the rural high school district."

Under the provisions of said Section 12, it is the duty of the board of trustees of a rural high school to cause to be levied, assessed and collected in each of its constituent districts the same tax which said districts had previously authorized. McPhail v. Tax Collector, (Civ. App.) 280 S. W. 260, error refused.

The following quotation from said case of McPhail v. Tax Collector is very instructive and enlightening:

"The law charges the trustees of the high school district with the duty of maintaining the elementary school of the consolidated district, and, in addition, are required to establish and maintain therein a high school, and to accomplish these purposes, <u>are authorized to use all avilable maintenance funds</u>. (Emphisis ours) Bond funds should be kept and administered separately from maintenance funds, and likewise the bond fund of one district should be kept separate from the other. Money belonging to a bond fund cannot be used for maintenance; nor can the bond fund belonging to either of the elementary districts be used in paying **the indebtedness of the other.**

"The law commits the details of administration in these respects to the sound judgment of the trustees,. . . " etc.

While the McPhail case was decided previous to any amendments to said Rural High School Act of 1925, Chap. 19A of Title 49, V. A. C. S., we have discovered no amendments thereto which would affect the judgment rendered therein.

It is also to be observed that in said McPhail case on election was held authorizing the assumption by said rural high school district of the outstanding bonded indebtedness of its constituent districts, as authorized by Art. 2922h, V. A. C. S., before and since being amended. Until thus assumed by the enlarged district, said indebtedness remained a charge exclusively against the district issuing the bonds, and the trustees of the enlarged district were charged with the duty of levying from year to year, and collecting a sufficient tax from the district issuing the bonds, to discharge its obligation.

Section 13 of Ch. 59, aforesaid, Acts of 1925, provides that

"All laws and parts of laws in conflict with any provision of this Act are hereby repealed."

Since this opinion is requested in view of our recent opinion No. O- 5462, regarding the handling of school property belonging to elementary districts, and since said opinion is so closely related to the subject matter of this opinion, we refer to and make a part hereof for all purposes, the same as if written fully herein, said opinion No. O-5462.

However, regarding the second paragraph on page #4 of said Opinion No. O-5462, you are advised that funds of an elementary district, when used to maintain a high school in a rural high school district or in an enlarged district by annexation, are used for the benefit of such elementary district, provided there is no actual or threatened violation of law or abuse of discretion by the trustees of said rural high school district or said enlarged district by annexation in so using any of said funds. See McPhail v. Tax Collector, supra.

In view of the foregoing, the three questions contained in your communication are respectively answered as follows:

(1)  The affairs of the enlarged school district are to be administered by the Board of Trustees of said enlarged district.

(2)  The assets of the elementary school districts composing the rural high school district are controlled by the Board of Trustees of said Rural High School District, and are to be administered by said Board in accordance with the provisions of Articles 2922a--2922L, V. A. C. S.

(3)  The funds of elementary school districts pass by operation of law to the control of the trustees of the rural high school district of which they are constituent parts.  Therefore, it necessarily follows that your third question must be answered in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

s/ L. H. Flewellen

By

    L. H. Flewellen

        Assistant

LHF/JCP

Approved Sept.30,1943
Grover Seller
First Assistant
ATTORNEY GENERAL

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN